THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRENT DODD, | ) | Case No. 1:06CV00020 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| ST. PAUL TRAVELERS, | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiff Brent Dodd moves to remand this matter to the Second Judicial District Court of Weber County, State of Utah, from where it was removed by Defendant St. Paul Travelers on February 6, 2006. Plaintiff asserts that Defendant has failed to show that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.  For the reasons that follow the court disagrees.

## II.  DISCUSSION

In *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), the Tenth Circuit gave the following instruction  as to pleading the jurisdictional amount in a removal context.

The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Moreover, there is a presumption against removal jurisdiction.

On its face the Complaint does not contain a prayer for a specific dollar amount. However, Plaintiff alleges that he is entitled to damages because he has become partially disabled as the result of a motor vehicle collision, and he claims punitive damages arising out Defendant's alleged bad faith breach of the insurance policy. The Notice of Removal also alleges that Plaintiff has demanded payment from Defendant in the amount of $150,000.00, that he claims medical bills in excess of $25,000.00, that he claims a need for major surgery to address sever back injuries, that he claims to be partially disabled, that he claims to have suffered lost wages, that he claims to have incurred emotional distress, and finally, that he claims punitive damages. Notice of Removal ¶ 8.

As noted the jurisdictional amount in controversy must be affirmatively established from the face of either the complaint or the removal notice. *Laughlin*, 50 F.3d at 873. The Court is satisfied that the allegations of the Complaint along with those of

the Notice of Removal are sufficient to satisfy the amount in controversy requirement.

Plaintiff's claim for its reasonable costs and attorney's fees incurred as a result of the removal is denied because the Court concludes that Defendant had a fair basis for removal. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).

### III.   CONCLUSION

For the foregoing reasons **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

DATED this 22nd day of March, 2006.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT